NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YOHAN CHOI,

Plaintiff,

v.

ABF FREIGHT SYSTEM, INC.,

Defendant.

Civ. No. 14-7458

OPINION

THOMPSON, U.S.D.J.

This matter is before the Court upon the Motion of Plaintiff Yohan Choi ("Plaintiff") for Reconsideration (ECF No. 21), challenging the Court's September 14, 2015 Order granting Defendant ABF Freight System, Inc.'s ("Defendant") Motion for Partial Summary Judgment and denying Plaintiff's Motion for Summary Judgment. Defendant opposes and requests attorney's fees for having to file opposition on the grounds that Plaintiff's Motion for Reconsideration was frivolous. (ECF No. 23). After considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will deny Plaintiff's Motion.

BACKGROUND

In October 2013, Plaintiff entered into an agreement with Defendant, a common carrier, to transport Plaintiff's personal property from Houston, Texas to Ocean, New Jersey. Pursuant to the parties' agreement, Plaintiff loaded his household goods into a ReloCube, which Defendant picked up for transport to New Jersey. However, Plaintiff never received his belongings. On November 1, 2013, Defendant notified Plaintiff that there had been a motor vehicle accident that caused Plaintiff's items to be destroyed in a fire. On December 1, 2014,

1

Plaintiff filed a one-count Complaint in federal court asserting breach of contract and carrier liability under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. The Carmack Amendment imposes liability on a carrier for the value of goods lost or damaged during shipment, except where the carrier has limited its liability in accordance with certain requirements. The parties agree that the Carmack Amendment applies; however, they dispute whether Defendant validly limited its liability.

Defendant's attempt to limit its liability is reflected in the bill of lading, which memorializes the transportation agreement between the parties. The bill of lading signed by Plaintiff stated, in relevant part:

> In the event of damage caused by ABF's negligence, ABF's liability shall be limited to $0.10 per pound per item damages ("Standard Coverage"). Coverage in addition to the Standard Coverage is available and can be purchased by contacting ABF prior to the drop date. The Standard Coverage, or any additional coverage purchased is liability coverage for carrier negligence, not insurance for your goods. In the event of cargo damage caused by one of the following catastrophic events: trailer fire, vehicle collision, vehicle overturn or complete container theft; ABF includes coverage of $3.00 per pound per piece with a maximum liability of $7,500 per ReloCube. ABF does not provide insurance for your goods. ABF assumes the liability of a common carrier, subject to the provisions of 49 U.S.C. 14706.

(Fry Decl. Ex. A, ¶¶ 4, 13, ECF No. 13-3.) In addition, Defendant's Liability Statement reads:

> ABF offers two types of liability coverage for your goods. The first coverage is catastrophic liability which covers your items at $3.00 per pound per piece, subject to a maximum of $60,000 per trailer and $7,500 per ReloCube for these specific events only: trailer or ReloCube fire, trailer overturn, trailer collision, or complete trailer or ReloCube theft. The standard coverage is included with your quote at no additional charge.
>
> The second coverage is carrier negligence liability which covers your items at 10 cents per pound per piece for loss or damage caused by carrier negligence. The customer acknowledges that ABF's liability is limited in consideration of a lower rate than would otherwise be applicable and that additional coverage is available at a higher price. Additional coverage for loss or damage due to carrier negligence is available as follows:
>
> - For a $75 charge, your coverage would increase to $1.00 per pound per item up to a maximum of $20,000 per trailer and $2,500 per ReloCube.

2

- For a $125 charge, your coverage would increase to $2.00 per pound per item up to a maximum of $40,000 per trailer and $5,000 per ReloCube.
- For a $175 charge, your coverage would increase to $3.00 per pound per item up to a maximum of $60,000 per trailer and $7,500 per ReloCube.

(Fry Decl. Ex. E, ECF No. 13-3.)

On July 24, 2015, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Cross-Motion for Partial Summary Judgment. (ECF Nos. 13, 14). Plaintiff asserted that he was entitled to summary judgment because he had established a prima facie case of carrier liability under the Carmack Amendment and sought damages of $59,008.05, which is the alleged value of the destroyed goods, plus interest, costs, and attorneys' fees. Defendant sought partial summary judgment limiting its liability to $7,500 pursuant to the limited liability stated in the bill of lading. On September 14, 2015, this Court issued an Order and Judgment granting Defendant's Motion for Partial Summary Judgment, denying Plaintiff's Motion for Summary Judgment, and ordering that Plaintiff's damages be limited to $7,500. (ECF No. 20). On September 28, 2015, Plaintiff filed the Motion for Reconsideration that is presently before the Court. (ECF No. 21).

DISCUSSION

A. Legal Standards

   i. *Standard for Reconsideration*

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." L. Civ. R. 7.1(i) cmt. 6(d) (citing cases); *Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, a motion for reconsideration may only be based on one of three grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not an appeal,

3

but rather, the movant is asking the Court to "rethink what it has already thought through—rightly or wrongly." *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (internal citation omitted). "The operative word in the rule is 'overlooked.' Therefore, mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument." *Id.*

    *ii. Standard for Summary Judgment*

Summary judgment is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id*. All reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 250.

B. Analysis

Plaintiff argues that this Court overlooked the portions of Plaintiff's Motion for Summary Judgment seeking judgment on the issue of liability and alleging the value of Plaintiff's goods at $59,008.05. (Pl.'s Br. Supp. Mot. Recons. 1, 3, ECF No. 21). Plaintiff also asks for reconsideration of this Court's ruling on Defendant's limitation of liability, arguing that this Court overlooked Plaintiff's argument that limitations of liability for negligence are irrelevant to strict liability claims under the Carmack Amendment, (*id.* at 5), and that *Hoover v. ABF Freight System, Inc.*, No. 06-1301, 2008 WL 1805392 (C.D. Ill. Apr. 18, 2008) is distinguishable from the present case and contrary to statute. (*Id.* at 7).

Plaintiff has not satisfied the high standard for reconsideration. First, Plaintiff does not assert any intervening change in the law. Second, Plaintiff does not assert the availability of new, previously unavailable evidence. Third, Plaintiff's arguments relating to the Court's ruling on the value of Plaintiff's goods, the issue of liability, and Defendant's limitation of liability fail to show a clear error of law.

Regarding the value of Plaintiff's goods, Plaintiff failed to show that there was no genuine dispute as to any material fact and that he was entitled to judgment as a matter of law. Plaintiff claims to have estimated the value of his personal property at $59,008.05 based on his notes from packing the ReloCube, receipts from the purchase of some of the lost items, and research on the current market value of the lost goods. (Pl.'s Br. Supp. Mot. Summ. J. 15, ECF No. 14-15). Defendant objected to the estimated value of Plaintiff's goods, noting that Plaintiff had not provided any appraisals and that he was not an expert on the value of used goods. (Def.'s Br. Opp. Mot. Summ. J. 17, ECF No. 15). Plaintiff only provided the Court with a list of destroyed items and their replacement value, as estimated by Plaintiff. (*See* Choi Decl., Ex. 3,

ECF No. 14-5). Plaintiff did not provide any proof that the contents of this list matched the contents of the ReloCube, nor did he provide receipts, evidence of the market value of the lost goods, or calculations accounting for depreciation. Given the lack of substantiation for the amount of $59,008.05, and Defendant's dispute with this figure, Plaintiff failed to show that there was no genuine dispute that his goods were valued at $59,008.05. The Court therefore did not err in failing to grant Plaintiff summary judgment as to the value of Plaintiff's lost goods.

Regarding liability, both parties failed to adequately brief this issue. The parties acknowledge that the Carmack Amendment governs liability in this action. (Pl.'s Br. Supp. Summ. J. 1, ECF No. 14-15; Def.'s Br. Opp. Summ. J. 8, ECF No. 15). A shipper establishes a prima facie claim under the statute by demonstrating "(1) delivery of the goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) amount of damages." *Beta Spawn, Inc. v. FFE Transp. Servs., Inc*., 250 F.3d 218, 223 (3d Cir. 2001). Then the burden shifts to the carrier to demonstrate that it was not negligent and that "damage was caused solely by an act of God, the public enemy, the act of the shipper itself, public authority, or the inherent vice or nature of the gods." *Id*. at 226.

Plaintiff failed to brief whether the goods were delivered to the initial carrier in good condition and as described above, he did not substantiate the amount of damages claimed. Plaintiff also summarily claimed that none of the five excepted causes apply to the facts of this case, but did not explain the reasoning behind this claim. Defendant did not brief the issue of liability at all, except to question the purported value of Plaintiff's belongings.[1] Given the failure to adequately brief liability, Plaintiff failed to show that he was entitled to judgement as a matter

---

[1] In Defendant's most recent brief, Defendant states that it does not contest the issue of liability (Def.'s Br. Opp. Mot. Recons. 3, ECF No. 23), but this position was not clear at the time the Court ruled on the parties' Motions for Summary Judgment.

of law.  Therefore, the Court did not err in failing to grant Plaintiff summary judgment as to liability.

Regarding Defendant's limitation on liability, Plaintiff has not shown a clear error of law. Plaintiff asserts that this Court overlooked Plaintiff's argument that limitations of liability for negligence are irrelevant to strict liability claims under the Carmack Amendment, and that *Hoover*, 2008 WL 1805392, is distinguishable from the present case.  The Court directs Plaintiff to the portion of its Opinion reviewing case law on the Carmack Amendment, and finding that within those cases, "there is no language imposing any specific requirements of the options or demanding multiple options with respect to each subset of liability coverage."  (September 14, 2015 Op. 6, ECF No. 21-1).  Plaintiff provides no support for a contrary reading of the case law. The Court does not find Plaintiff's attempt to distinguish *Hoover* persuasive.  Moreover, "the fact that there may be two interpretations of the same law and the same language is not to say that choosing one reading over another is a clear error of law." *SGS U.S. Testing Co. v. Takata Corp.*, No. 09-6007, 2010 WL 4789341, at *2 (D.N.J. Nov. 17, 2010).

Nor does this Court find that reconsideration is necessary to prevent manifest injustice. Defendant expressly laid out its liability coverage, including its limits of coverage, in its bill of lading and Liability Statement.  Defendant provided these documents to Plaintiff, who signed the bill of lading.  Plaintiff chose not to purchase additional liability coverage, from Defendant or any other third-party insurance provider.  While Plaintiff may now regret that choice, this does not entitle him to retroactively rewrite his agreement with Defendant.

## CONCLUSION

For the reasons above, the Court will deny Plaintiff's Motion for Reconsideration.  A corresponding Order follows.  To the extent Defendant seeks attorney's fees, the Court invites

Defendant to submit affidavits specifying expenses incurred as a result of responding to the Motion.

                                              */s/ Anne E. Thompson*
                                            ANNE E. THOMPSON, U.S.D.J.