NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOHAN CHOI, | |
| Plaintiff, | Civ. No. 14-7458 |
| v. | **OPINION** |
| ABF FREIGHT SYSTEM, INC., | |
| Defendant. | |

THOMPSON, U.S.D.J.

    This matter is before the Court upon the request of Defendant ABF Freight System, Inc. ("Defendant") for attorneys' fees. (ECF No. 26). Plaintiff Yohan Choi ("Plaintiff") opposes. (ECF No. 29). After considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will deny Defendant's request.

BACKGROUND

    In October 2013, Plaintiff entered into an agreement with Defendant, a common carrier, to transport Plaintiff's personal property from Houston, Texas to Ocean, New Jersey. Pursuant to the parties' agreement, Plaintiff loaded his household goods into a ReloCube, which Defendant picked up for transport to New Jersey. However, Plaintiff never received his belongings. On November 1, 2013, Defendant notified Plaintiff that there had been a motor vehicle accident that caused Plaintiff's items to be destroyed in a fire. On December 1, 2014, Plaintiff filed a one-count complaint in federal court asserting breach of contract and carrier liability under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. The Carmack Amendment imposes liability on a carrier for the value of goods lost or damaged

1

during shipment, except where the carrier has limited its liability in accordance with certain requirements. The parties agreed that the Carmack Amendment applied; however, they disputed whether Defendant validly limited its liability.

On July 24, 2015, Plaintiff filed a motion for summary judgment, and Defendant filed a cross-motion for partial summary judgment. (ECF Nos. 13, 14). Plaintiff asserted that he was entitled to summary judgment because he had established a prima facie case of carrier liability under the Carmack Amendment and sought damages of $59,008.05, which is the alleged value of the destroyed goods, plus interest, costs, and attorneys' fees. Defendant sought partial summary judgment limiting its liability to $7,500 pursuant to the limited liability stated in the bill of lading. On September 14, 2015, this Court issued an Order and Judgment granting Defendant's motion for partial summary judgment, denying Plaintiff's motion for summary judgment, and ordering that Plaintiff's damages be limited to $7,500. (ECF No. 20).

On September 28, 2015, Plaintiff filed a motion for reconsideration, arguing that the Court overlooked portions of his brief requesting summary judgment on the issues of liability and the value of Plaintiff's belongings, among other claims. (ECF No. 21). Defendant opposed this motion and requested attorneys' fees for having to respond to arguments it characterized as frivolous. (ECF No. 23). On October 28, 2015, this Court denied Plaintiff's motion for reconsideration, but declined to rule on the issue of attorneys' fees because Defendant did not include any supporting documents for this request. (ECF No. 24). Defendant filed supporting paperwork on November 5, 2015, in the form of an affidavit which the clerk's office considered incorrectly styled. (ECF No. 26). This request is presently before the Court.

DISCUSSION

Our legal system generally adheres to the "American Rule," under which each party bears its own litigation expenses, including attorneys' fees, regardless of whether it wins or loses. *See Fox v. Vice*, 131 S.Ct. 2205, 2213 (2011). Departure from the "American Rule" is only appropriate when there is express authorization in a statute, court rule, or contract. *Fin. Cas. & Sur., Inc. v. Bonino*, No. 11-4316, 2015 WL 3754549, at *2 (D.N.J. June 16, 2015). Although Federal Rule of Civil Procedure 54(d)(2) recognizes the possibility of awards of attorneys' fees and establishes a procedure for asserting a right to such an award, courts must look to other sources of substantive law to determine whether a party is entitled to attorneys' fees. *Abrams v. Lightolier Inc.,* 50 F.3d 1204, 1224 (3d Cir. 1995); *Warren Distrib. Co. v. InBev USA, LLC,* 2011 WL 770005, at *7 (D.N.J. Feb. 28, 2011). The moving party is responsible for "specify[ing] the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. Pro. 54(d)(2)(B)(ii).

Here, Defendant has stated that its basis for requesting attorneys' fees was the assertion that Plaintiff's motion for reconsideration was "frivolous." (Def.'s Br. 6, ECF No. 23). The Court has concluded that because there is no specific statute, court rule, or contract to support this claim, the "American Rule" applies, and each party must bear its own fees. In opposing Defendant's request, Plaintiff speculates that Defendant is seeking sanctions under Federal Rule of Civil Procedure 11. (Pl.'s Br. 4, ECF No. 29). Rule 11 allows a court to impose sanctions, including attorneys' fees, but only in exceptional circumstances where a claim or motion is patently unmeritorious or frivolous. *See, e.g.*, *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). However, as Plaintiff points out, if Defendant intended to pursue sanctions under Rule 11, Defendant did not comply with the procedural rules governing

such petitions. *See, e.g.*, Fed. R. Civ. Pro. 11(c)(2) (requiring that motions for sanctions be made separately from any other motion and describing the specific conduct violating Rule 11); *Martin v. Brown*, 63 F.3d 1252, 1262 (3d Cir. 1995) (requiring notice and an opportunity to be heard before a court imposes sanctions).

Ultimately, the Court finds that Plaintiff's motion for reconsideration was not really frivolous, and fees should be denied. In the motion for reconsideration, Plaintiff pointed out that the Court had not mentioned two issues upon which Plaintiff had requested summary judgment. Although these issues did not ultimately affect the outcome of the motions for summary judgment, the Court acknowledges that these issues were not discussed in its opinion resolving those motions. Therefore, the Court will not label Plaintiff's motion for reconsideration frivolous, and Defendant's request for attorneys' fees will be denied.

## CONCLUSION

For the foregoing reasons, Defendant's request for attorneys' fees will be denied. A corresponding order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.